# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN Q. ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:12CV24 HEA |
| GARY CAMPBELL, et al., | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Chantey Goddert, Robert Griggs, Doug Prudden and Melissa Vetter's Motion for Summary Judgment [ECF No. 18]. Plaintiff John Q. Adams did not file an opposition to said motion.

Plaintiff John Q. Adams is an inmate at Northeast Correctional Center in the Missouri Department of Corrections ("MDC"). At all relevant times, Plaintiff was incarcerated within the MDC. On March 27, 2012, Plaintiff brought a two count complaint under 42 U.S.C. § § 1981, 1983, 1985, 2000 and the Civil Rights Act of 1876, 1964 and 2000. Count I alleges deliberate indifference to serious medical needs against Defendants Gary Campbell, T. Bredman, Thomas Cabrera and Corizon Medical Services, Inc. Count II alleges deliberate indifference to serious medical needs and tacit authorization thereof by Defendants Goddert, Griggs, Prudden and Vetter.[1]

---

[1] All four of the defendants named in Count II are employees of the Missouri Department of Corrections; therefore, they will be referred to as "MDC Defendants" hereafter.

The MDC Defendants move for summary judgment due to Plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under §1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)). "The PLRA's exhaustion requirement is not a heightened pleading requirement." *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). Exhaustion is "an affirmative defense that the defendant has the burden to plead and to prove. Likewise, a lack of exhaustion does not deprive federal courts of subject matter jurisdiction." *Id.*

The MDC has an administrative grievance process that inmates must follow in order to satisfy the exhaustion requirement. "To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR." *Wewerka v. Roper*, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010). If the inmate is dissatisfied with the MDC's response to the IRR, the inmate may file an Offender Grievance within seven working days of receiving the

response. *Id.* If the inmate is dissatisfied with the response to the Grievance, the inmate may file, within seven days of receiving the response, a Grievance Appeal. *Id.* If the inmate fails to file a timely appeal, the appeal is considered abandoned. *Id.* "Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted." *Id.*

Based on the record, and with regard to Plaintiff's Count II against the MDC Defendants, Plaintiff failed to file an IRR altogether. Plaintiff has failed to respond to MDC Defendants Motion for Summary Judgment, and has failed to offer any evidence to the contrary. As such, Plaintiff has failed to exhaust his administrated remedies as required by 42 U.S.C. § 1997e(a); therefore, he is precluded from bringing Count II against the MDC Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Chantey Goddert, Robert Griggs, Doug Prudden and Melissa Vetter's Motion for Summary Judgment [ECF No. 18] is **GRANTED** and Plaintiff's Count II is dismissed.

Dated this 13th day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE