UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   No. 2:12 cv-00024HEA |
| GARY CAMPBELL, et al., | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Relief from Judgment for Fraud on the Court in Accord with Rules 59(e) and 60(b) of the Fed. R.Civ.Proc. pursuant to Fed.R.Civ.P. Rule 59 (e) and 60 (b), [Doc. No. 52]. For the reasons set forth below, the Motion is denied.

On March 13, 2013, , the Court entered its order granting summary judgment in favor of Defendants Chantey Goddert, Robert Griggs, Doug Prudden, and Melissa Vetter. Plaintiff now seeks to have the Court reconsider the Order.

 "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5

(2008).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon*

*Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988).  District courts have "broad discretion" in determining whether to reconsider judgment.  *Hagerman,* 839 F.2d at 413.

In his Motion, Movant attempts to persuade the Court to grant relief from its findings which led to the conclusion that Defendants are entitled to judgment as a matter of law, there existing no *genuine* issues of *material* fact.  Fed.R.Civ.P 56.  Plaintiff has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error.  The Court articulated its reasoning in finding that Defendant was entitled to judgment as a matter of law.  Nothing has changed, nor should the judgment in this matter

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration pursuant to Rule 59 (e) and 60 (b), [Doc. No. 52], is denied.

Dated this 13th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE